IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LE PIZE**
**Q.E. MONTGOMERY,**

        Petitioner,

    v.                          CASE NO. 09-3244-RDR

**C. CHESTER,**
**et al.,**

        Respondents.

### O R D E R

The initial pleading in this case is titled "motion for preliminary injunction". It was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas, and docketed as a petition for writ of habeas corpus. Petitioner also filed a motion to proceed without prepayment of fees, which the court finds is sufficient to allow him to proceed on his claims under 28 U.S.C. § 2241.

In his initial pleading, Mr. Montgomery claims he seeks to challenge a decision of the Bureau of Prisons (BOP) regarding his eligibility under the Residential Drug Abuse Program (RDAP). He alleges he has "extraordinary re-entry needs under the 2nd Chance Act" which his case manager will not consider. However, from his allegations, it appears he already completed the RDAP and was released to a halfway house. Then, on August 8, 2009, he was apparently found to have violated a condition of his release due to a positive breathalyzer test result, and was returned to confinement at the Leavenworth Prison Camp. He alleges he had completed his 6-month obligation with the halfway house and drug aftercare program prior to the positive test result. He thus asserts "the Salvation

Army Correctional Center had no jurisdiction" to request a breathalyzer test.

Petitioner recently filed additional pleadings entitled "Application for 28 U.S.C. § 2241" and "First Amended Memorandum in Support", containing some additional allegations. He alleges that he completed and graduated from the RDAP on January 5, 2009, and was released from prison on January 15, 2009. He further alleges he was "eligible to begin probation on July 14, 2009, and completed the paperwork on that date; however, he later got a call from his probation officer saying "there was a pending incident report." He disagrees that there was any incident report pending on July 14, 2009.

Petitioner complains that he was "never violated by a Judge or his Probation Officer", and his confinement is illegal as a result. However, he also alleges he has been informed he is being held for a supervised release violation of 6 months, and his case manager agrees he is being held due to a supervised release violation. From these allegations, it appears Mr. Montgomery was returned to prison based on a violation of conditional release, not a probation violation. Thus, his allegations that action was not taken by a judge or his probation officer state no claim for relief.

Petitioner claims his current confinement is illegal, and that his "term of federal custody" is being determined in violation of the United States Constitution and the laws of the United States. He seeks appointment of counsel, a preliminary injunction placing him back on conditional release, and an expedited hearing.

The court finds that this action is properly brought under 28 U.S.C. § 2241, because Mr. Montgomery seeks release from prison. A

petition for writ of habeas corpus relief is petitioner's sole remedy in federal court for a claim to immediate or speedier release. Preiser v. Rodriquez, 411 U.S. 475, 499 (1973); McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997); see Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

**MOTION FOR PRELIMINARY INJUNCTION**

The court denies petitioner's motion for a preliminary injunction (Docs. 1, 4). Mr. Montgomery makes no attempt to explain how the facts he alleges demonstrate any of the factors he is required to show in order to be entitled to a preliminary injunction. "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp., 500 F.3d at 1126. "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Petitioner certainly has not alleged facts showing a clear and unequivocal right to relief or that the balance of harms tips in his favor. It appears petitioner requested this extraordinary remedy, simply hoping to expedite his case. However, he provides no reason why his claims cannot be adequately addressed

under habeas corpus procedures.  An extraordinary remedy is not available when alternative remedies, such as habeas corpus, are available.  U.S. v. Denedo, ___U.S.___, 129 S.Ct. 2213, 2220 (2009)(citing United States v. Morgan, 346 U.S. 502, 510-511 (1954)).

The court notes petitioner also filed a pleading entitled "Motion to Amend Preliminary Injunction and Immediate Release of Petitioner" (Doc. 4).  This document unnecessarily repeats petitioner's request for immediate release and some of his allegations.  At most, it is a supplement to his petition, and contains no basis "to amend preliminary injunction".  The court has considered the factual allegations made in this pleading as supplemental materials.  No further relief is warranted.  Thus, this motion is denied.

**FAILURE TO STATE SUFFICIENT FACTS TO SUPPORT A CLAIM**

To state a claim of denial of due process in connection with a supervised release violation, petitioner must describe the revocation proceedings and the finding that he violated release conditions, and explain how due process was denied in those proceedings.  He initially alleged that he was not provided a hearing before "the DHO" as was required under "BOP rules and regulations."  However, he does not refer to a specific rule, or state facts indicating he was entitled to a hearing before a disciplinary hearing officer.  Nor has he alleged facts showing a denial of due process.  He does not describe the conditional release violator report written against him, the evidence presented at the

hearing on his charged violation, or the findings and written statement of reasons provided to him. A habeas corpus petitioner is required to state facts showing that his confinement is unconstitutional. Conclusory statements to that effect are not sufficient.

**FAILURE TO SHOW EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Although the provisions of § 2241 do not include an explicit exhaustion requirement, the law in this Circuit generally requires a federal inmate to exhaust administrative remedies within the Bureau of Prisons (BOP) before seeking habeas corpus relief in federal court. See e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986); see also, Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); 243 F.3d 629, 634 (2nd Cir.2001). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. See Woodford v. Ngo, 548 U .S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Exhaustion of administrative procedures is required for good reasons. It results in the development of a factual record, the application of corrections expertise to the claims of the prisoner, and possible resolution the claim so that the Court's interference in the operation of the institution is limited or eliminated. Mr. Montgomery may not avoid the prerequisites to obtaining habeas corpus relief in federal court by simply styling his petition as a motion for injunction.

5

Petitioner has not shown that he has satisfied the exhaustion prerequisite. His exhibits indicate he failed to follow proper procedures on his initial administrative grievances. Nor does he describe any of the claims he raised on administrative appeal or the administrative responses. Petitioner is required to provide this information to show he has fully and properly exhausted all available administrative remedies[1]. He may provide copies of documents from the conditional release revocation proceedings, if available. Otherwise, he must at least provide a summary of the steps he took to properly raise all his claims in a BP-8, BP-9, BP-10 and BP-11, the claims he raised at each level, and the decisions rendered at each level.

Mr. Montgomery is given time to show cause why this action should not be dismissed on account of his failure to state facts showing his constitutional rights were violated during proceedings that led to revocation of his conditional release and his failure to show full and proper exhaustion of all available prison administrative remedies. If he fails to make a sufficient showing in the time allotted, this action may be dismissed without prejudice and with no further notice.

Finally, the court considers and denies petitioner's request and motion for appointment of counsel (Docs. 1, 4). There is no constitutional right to appointment of counsel in a habeas corpus proceeding. The decision whether to appoint counsel lies in the discretion of the district court. The court finds in this case that

---

[1] This might also serve to indicate the factual basis for his claims of denial of due process, since he must have presented the same claims on administrative appeal as he presents to this court.

6

it is not clear at this juncture that petitioner has asserted a viable claim; (2) the issues are not complex; and (3) Mr. Montgomery appears capable of adequately presenting facts and arguments. However, this denial is without prejudice. If as this case progresses, it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel in the petition (Doc. 1) and his Motion to Appoint Counsel (Doc. 3) are denied, without prejudice; and that his "Motion to Amend Preliminary Injunction and Immediate Release of Petitioner" (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to either allege additional sufficient facts showing a denial of due process and full and proper exhaustion, or show cause why this action should not be dismissed for failure to state sufficient facts and for failure to show full and proper exhaustion of all available administrative remedies.

**IT IS SO ORDERED**.

Dated this 23rd day of December, 2009, at Topeka, Kansas.

        s/RICHARD D. ROGERS
        United States District Judge